UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHADD JASON
MISSINNE,

          Plaintiff

v.

ANDREW SAUL,
COMMISSIONER OF
SOCIAL SECURITY,

          Defendant.

_____/

Civil Action No.: 19-12398
Honorable Thomas L. Ludington
Magistrate Judge Elizabeth A. Stafford

**REPORT AND RECOMMENDATION ON CROSS-
MOTIONS FOR SUMMARY JUDGMENT [ECF. NOS. 16, 21]**

Plaintiff Shadd Jason Missinne appeals a final decision of defendant Commissioner of Social Security (Commissioner) denying his application for disability insurance benefits (DIB) and supplemental security income (SSI) under the Social Security Act. Both parties have filed summary judgment motions, referred to this Court for a report and recommendation under 28 U.S.C. § 636(b)(1)(B). After review of the record, the Court finds that the administrative law judge's (ALJ) decision is supported by substantial evidence, and thus **RECOMMENDS** that:

- the Commissioner's motion [ECF No. 21] be **GRANTED**;

- Missinne's motion [ECF No. 16] be **DENIED**; and

- the Commissioner's decision be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

## I. BACKGROUND

### A. Missinne's Background and Disability Applications

Born in March 1977, Missinne was 37 years old at the time of his applications for disability benefits in October 2014. [ECF No. 9-6, PageID.309, 316]. Missinne previously worked as a heavy laborer. [ECF No. 9-2, PageID.98; ECF No. 9-7, PageID.392]. Missinne claimed to be disabled from back and neck impairments. [ECF No. 9-7, PageID.385].

After the Commissioner denied Missinne's disability application initially, an ALJ held a hearing and found him not disabled in a September 2016 decision. [ECF No. 9-3, PageID.135-144]. The Appeals Council (AC) found that the ALJ's decision did "not adequately evaluate the intensity and persistence of" Missinne's pain symptoms, and thus remanded the matter to the ALJ. [*Id.*, PageID.151-152]. The ALJ held another hearing in March 2018, during which Missinne and a vocational expert (VE) testified. [ECF No. 9-2, PageID.72-102]. In a June 2018 written decision, the ALJ again found Missinne not disabled. [*Id.*, PageID.44-60]. The Appeals Council denied review, making the ALJ's decision the final decision of the

Commissioner, and Missinne timely filed for judicial review. [*Id.*, PageID.33-35; ECF No. 1].

### B.     The ALJ's Application of the Disability Framework Analysis

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps. First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled. 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4). Second, if the claimant has not had a severe impairment or a combination of such impairments for a continuous period of at least 12 months, no disability will be found.[1] *Id*. Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id*. If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity

---

[1] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." §§ 1520(c); 920(c).
.

3

(RFC), and will find the claimant not disabled if he or she can still do past relevant work. *Id*. At the final step, the Commissioner reviews the claimant's RFC, age, education, and work experiences, and determines whether the claimant could adjust to other work. *Id*. The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that Missinne was not disabled. At the first step, she found that Missinne had not engaged in substantial gainful activity since his October 2014 onset date. [ECF No. 9-2, PageID.50]. At the second step, the ALJ found that Missinne had these severe impairments:

> history of left ankle surgery with instrumentation; central disc protrusion at C5-6 with left-sided radiculopathy and weakness, status post anterior cervical discectomy and fusion with insertion of cage/instrumentation and bone graft; degenerative disc disease of the lumbar spine with disc protrusions, status post lumbar laminectomy, fusion, decompression, and insertion of biomechanical device; and bilateral carpal tunnel syndrome, right greater than left, with left trigger fingers and status post surgical release of left carpal tunnel.

[*Id*.]. Although Missinne had testified to some depression at his first hearing, he did not allege depression or mental health treatment at this second hearing, and the ALJ found that his medically determinable mental

4

health impairment was not severe. [*Id*.]. She also concluded that none of Missinne's impairments, either alone or in combination, met or medically equaled the severity of a listed impairment. [*Id.*, PageID.51].

Between the third and fourth steps, the ALJ found that Missinne had the RFC

> to perform sedentary work as defined in 20 C.F.R. 404.1567(a) and 416.967(a) with the following limitations: occasional climbing of stairs, crouching, crawling, kneeling, and stooping/bending; avoid workplace hazards such as dangerous, moving machinery and unprotected heights; no climbing ladders, ropes, or scaffolds; frequent grasping/gross manipulation/handling with the nondominant left upper extremity; able to stand up to 15 minutes each hour; and only low stress work, which is work that is self-paced and not at a production rate and, where the job duties are not interdependent with those of coworkers due to distractions from pain and medication side effects.

[*Id.*, PageID.52]. At step four, the ALJ found that Missinne was unable to perform his past relevant work. [*Id.*, PageID.58]. But at the final step, after considering Missinne's age, education, work experience, RFC, and the testimony of the VE, the ALJ concluded that he could perform jobs that existed in significant numbers in the national economy, including as an inspector, document preparer, and final assembler. [*Id.*, PageID.59]. The ALJ thus concluded Missinne was not disabled. [*Id.*].

**II.   ANALYSIS**

**A.**

Under § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and conformed with proper legal standards.  *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014).  Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted).  Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence.  *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

Missinne argues that the ALJ's decision is not supported by substantial evidence because the ALJ inadequately evaluated the intensity and persistence of his pain.  Missinne's argument amounts to request for the Court to reweigh the evidence, which would be improper.  The ALJ's decision should be affirmed.

**B.**

The ALJ found that Missinne's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," but that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." [ECF No. 9-2, PageID.52-53]. After making this finding, the ALJ had to consider the entire record. *Rogers*, 486 F.3d at 247.  The regulations direct the ALJ to consider the claimant's daily activities; the claimants pain and other symptoms; the precipitating and aggravating factors; the claimant's medication, its effectiveness, and side-effects; the claimant's other treatment and any measures to relieve symptoms; and other relevant factors about the claimant's functional limitations, pain, or other symptoms.  20 C.F.R. §§ 404.1529(c)(3); 416.929(c)(3).  But the ALJ need not explicitly discuss each of those factors.  *Ausbrooks v. Astrue*, No. CIV.A. 12-12144, 2013 WL 3367438, at *19 (E.D. Mich. July 5, 2013).

The ALJ here said that she considered the entire record and she noted her obligation to consider the factors under §§ 404.1529 and 416.929.  [ECF No. 9-2, PageID.52].  She then described Missinne's medical history from 2014 to 2015, concluding:

7

> Therefore, in October 2014, the claimant underwent C5-6 anterior discectomy and fusion, with significant improvement regarding left arm pain. The subsequent imaging studies of the claimant's cervical spine indicated postoperative changes, with no complications. Additionally, in August 2015, the claimant underwent lumbar laminectomy and fusion at L4-5 and L5-S1. The subsequent evaluations indicate that the claimant was doing well after his surgery, that his leg was better, that he was neurologically intact, and that he was stable.

[*Id.*, PageID.52-54]. The ALJ next reviewed the 2016 medical records and found:

> Therefore, throughout 2016, Dr. Houseman consistently noted that the claimant exhibited 5/5 strength in all extremities, no neurological deficits, and intact reflexes. Additionally, the imaging studies of the claimant's cervical and lumbar spine indicated postoperative changes, but no significant recurrent disc herniation or stenosis and intact hardware.

[*Id.*, PageID.54-55].

After summarizing the 2017 medical evidence, the ALJ explained, "[T]hrough August 2017, the claimant exhibited no significant tenderness over the lumbar spine, no neurological deficits, good functional range of motion of the lumbar spine, and good strength in all extremities." [*Id.*, PageID.55]. The ALJ described the 2018 medical records and noted, "[T]hroughout 2018, the claimant consistently exhibited full range of motion of the cervical spine, full range of motion of the shoulders, no neurological deficits, good strength in the upper extremities, and intact sensation." [*Id.*, PageID.56]. But the ALJ noted that Missinne had "recently exhibited

8

markedly positive Spurling's on the left, and the recent imaging studies indicate small disc herniation at C6-7." [*Id*.].

The ALJ also summarized the medical evidence about Missinne's carpal tunnel and concluded that Missinne "recovered well from his left carpal tunnel surgery." [*Id*.].  She said that Missinne "exhibit[ed] good strength in all the extremities, no muscle atrophy, no neurological deficits, good functional range of motion of the cervical spine and lumbar spine" and "intact sensation in the upper extremities, and normal reflexes." [*Id*.]. Then, the ALJ discussed and weighed the opinion evidence. [*Id*., PageID.56-57].

Missinne does not argue that the ALJ's statements about the record were wrong or that she erred in weighing the medical opinions.  Instead, he complains that the "ALJ's decision failed to mention much of the medical evidence that discussed or described plaintiff's complaints of pain," and that the ALJ disregarded the consistency of those complaints. [ECF No. 16, PageID.825-830].  Missinne's claim of error lacks merit; the ALJ did not have to describe every detail of the medical evidence. *Kornecky v. Comm'r of Soc. Sec*., 167 F. App'x 496, 507 (6th Cir. 2006).

And though Missinne's claims of pain are credible, his inability to work without pain is not enough to find reversible error. *Bailey v. Comm'r*

9

of Soc. Sec., 623 F. Supp. 2d 889, 902 (W.D. Mich. 2009). "[U]nder appropriate circumstances a claimant will be denied disability benefits if there is substantial evidence that he can work despite the pain." *Id.* at 902-03. "The factual determination as to whether appellant is able to work despite his pain is within the discretion of the ALJ." *Murphy v. Sec'y of Health & Human Servs.*, 765 F.2d 145 (6th Cir. 1985) (unpublished). And the Court lacks the authority to reweigh the evidence. *Hatmaker v. Comm'r of Soc. Sec.*, 965 F. Supp. 2d 917, 930 (E.D. Tenn. 2013). "The substantial evidence standard allows considerable latitude to administrative decision makers. It presupposes there is a zone of choice within which the decision makers can go either way, without interference by the courts." *Id.*

Missinne mentions other arguments without development. He says that the ALJ failed to make a finding of how often he would be absent from work, but he does not explain how that alleged omission is reversible error. [ECF No. 16, PageID.830-831]. Missinne argues that his "limited ability to look up or down and his pain aggravation from looking up would prevent the satisfactory performance of all work." [*Id.*, PageID.831]. But as noted, the ALJ described the medical records are showing that Missinne consistently had full range of motion in his cervical spine throughout 2018. [ECF No. 9-2, PageID.56]. Missinne does not show that the medical

evidence contradicts this finding.  [*Id*.].  Missinne's underdeveloped arguments are waived.  Courts in this circuit routinely treat as waived issues "'adverted to in a perfunctory manner, unaccompanied by some effort at developed argument[.]'"  *ECIMOS, LLC v. Nortek Global HVAC, LLC*, 736 F. App'x 577, 583-84 (6th Cir. 2018) (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995 (6th Cir. 1997).  "Judges are not like pigs, hunting for truffles that might be buried in the record*.*"  *Knight Capital Partners Corp. v. Henkel AG & Co., KGaA*, 930 F.3d 775, 780 n. 1 (6th Cir. 2019) (citation and internal quotations omitted).

The ALJ's decision should be affirmed.

### III.   CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that the Commissioner's motion [ECF No. 21] be **GRANTED**; that Missinne's motion [ECF No. 16] be **DENIED**; and the ALJ's decision be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

Dated: February 11, 2021

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

11

## **NOTICE TO THE PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 11, 2021.

                                  s/Marlena Williams
                                  MARLENA WILLIAMS
                                  Case Manager