UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SHADD JASON MISSINNE,

        Plaintiff,                            Case No. 19-12398

v.                                          Honorable Thomas L. Ludington
                                                Magistrate Judge Elizabeth A. Stafford

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND AFFIRMING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY**

Plaintiff, Shadd Missinne, applied for disability benefits in October 2014. ECF No. 22. After the Commissioner of Social Security denied Plaintiff's application, an Administrative Law Judge found Plaintiff not disabled in September 2016. *Id.* After the Appeal Council "found that the ALJ's decision did 'not adequately evaluate the intensity and persistence of' Missinne's pain symptoms," it remanded the case to the ALJ. *Id.* The ALJ subsequently found Plaintiff not disabled in June 2018. *Id.* The Appeal Council denied review a second time and Missinne sought judicial review. *Id.* For the following reasons, Plaintiff's objections will be overruled and Judge Stafford's recommendation will be adopted.

I.

When reviewing a case under 42 U.S.C. § 405(g), the Court must affirm the Commissioner's conclusions "absent a determination that the Commissioner has failed to apply

the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citations omitted). Substantial evidence is "such evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation omitted).

### A.

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a Magistrate Judge's report and recommendation. *See* FED. R. CIV. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). *De novo* review requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie v. Birkett*, 221 F.Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health*

*and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*.

**B.**

Under the Social Security Act ("the Act"), a claimant is entitled to disability benefits if he or she can demonstrate that they are in fact disabled. *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Disability is defined by the Act as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505, 416.05. A plaintiff carries the burden of establishing that he meets this definition. 42 U.S.C. §§ 423(d)(5)(A); *see also Dragon v. Comm'r of Soc. Sec.*, 470 F. App'x 454, 459 (6th Cir. 2012).

Plaintiff asserts one objection to Magistrate Judge Stafford's Report and Recommendation, "Plaintiff objects to the Magistrate Judge's Report that construed the argument that the ALJ had inadequately evaluated the intensity and persistence of his pain as a request for the Court to reweigh the evidence." ECF No. 25 at PageID.882. Plaintiff argues that the "Magistrate [Judge] as did the ALJ disregarded the consistency and persistence of Plaintiff's ongoing complaints of pain. The medical evidence of record was outlined over 5 pages of the brief in support of summary judgment. The Magistrate Judge justified the deficiencies of the ALJ's decision and assessment of Plaintiff's pain symptoms by stating: 'Missinne's claim of errors lacks merit; the ALJ did not have to describe every detail in the medical evidence.'" ECF No. 25 at PageID.883 (internal citations omitted).

As the Commissioner asserts, the Sixth Circuit held that

> [the ALJ] is not required to analyze the relevance of each piece of evidence individually. Instead, the regulations state that the decision must contain only "the findings of facts and the reasons for the decision." 20 C.F.R. § 404.953. The ALJ's opinion did just that: the ALJ cited to evidence and fully explained the reasons for denying Bailey's application. Further, the ALJ stated that he reached his conclusion "[a]fter careful consideration of the entire record"—which we have no reason to doubt after our own independent review of the record.

*Bailey v. Comm'r of Soc. Sec.*, 413 F. App'x 853, 855 (6th Cir. 2011). In ALJ Patricia McKay's June 8, 2018 decision, she explained that she "careful[ly] consider[ed] the entire record." ECF No. 9-2 at PageID.52. She also spent several pages reviewing Plaintiff's medical history. *Id.* at PageID.52–57. Further, Magistrate Judge Stafford explained the pain evidence considered by ALJ McKay in three pages of her Report and Recommendation. ECF No. 22 at PageID.872–76. Plaintiff's request to remand the case for additional consideration of every piece of evidence of Plaintiff's pain will be overruled. The ALJ reviewed the entire record and discussed Plaintiff's pain in multiple pages in her decision. Her decision is supported by substantial evidence.

## II.

Accordingly, it is **ORDERED** that Plaintiff's Objection to Magistrate Judge Stafford's Report and Recommendation, ECF No. 25, is **OVERRULED**.

It is further **ORDERED** that Magistrate Judge Stafford's Report and Recommendation, ECF No. 22 is **ADOPTED**.

It is further **ORDERED** that Plaintiff's Motion for Summary Judgment, ECF No. 16, is **DENIED.**

It is further **ORDERED** that Defendant's Motion for Summary Judgment, ECF No. 21, is **GRANTED.**

- 5 -

It is further **ORDERED** that the decision of the Commissioner of Social Security is **AFFIRMED.**

Dated: March 22, 2021 　　　　　　　　　　　　　s/Thomas L. Ludington
　　　　　　　　　　　　　　　　　　　　　　THOMAS L. LUDINGTON
　　　　　　　　　　　　　　　　　　　　　　United States District Judge